*Jerry L. Patrick, Jr.,* for appellee.

## 62719. THE STATE v. NICHOLS.

BANKE, Judge.

Dwayne Nichols is charged with the theft of a roto-tiller. The state appeals the grant of the defendant's motion to suppress the admission of the roto-tiller in evidence.

The owner testified that he inquired of persons living nearby whether they knew anything about a roto-tiller missing from his land. He learned that the defendant had expressed a desire for the roto-tiller and also that the defendant had been on his property two days before the roto-tiller was discovered missing. An officer from the sheriff's department, accompanied by the owner, proceeded to the defendant's mobile home to talk to him. The defendant was not there; however, the owner was able to identify a roto-tiller located on the defendant's property near the trailer as his own. The roto-tiller was seized and taken to the sheriff's office. *Held:*

The state concedes that the roto-tiller was within the curtilage of the defendant's home. *"Prima facie,* a search made within the curtilage of the owner without a warrant is unconstitutional and void. 'Curtilage' includes the yards and grounds of a particular address, its gardens, barns, buildings, etc." *Norman v. State,* 134 Ga. App. 767, 768 (216 SE2d 644) (1975). Generally, "[w]arrantless searches are improper absent exigent circumstances, at least when the investigating officers have intruded upon the curtilage for the purpose of conducting a search for criminal activity." United States v. Williams, 581 F2d 451, 453 (5th Cir. 1978).

From the record it appears that the officer went to the door of the trailer on the same route as would any guest, deliveryman, postal employee, or other caller. The vantage point from which the roto-tiller was visible was about half way between the door of the trailer and the roadside where the officer parked his car. This observation breached no right of privacy of the defendant. From this same vantage point, the owner was able to identify his missing property because of certain unusual characteristics. "A police officer may seize what is in plain sight if, as here, he is in a place where he is constitutionally entitled to be. Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726); Harris v. United States 390 U. S. 234 (88 SC 992, 19 LE2d 1067); *Green v. State,* 127 Ga. App. 713, 715 (194 SE2d 678) (1972). And where such a plain-view seizure takes place, there is in effect no search at all. Grimes v. United States, 405 F2d 477 (5th Cir.

1968); *Lewis v. State,* 126 Ga. App. 123 (190 SE2d 123)." *Cook v. State,* 134 Ga. App. 712, 715 (215 SE2d 728) (1975).

Based on the evidence before the trial court, the motion to suppress should have been denied.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 20, 1981 —
REHEARING DENIED NOVEMBER 16, 1981 —

*Rafe Banks III, District Attorney,* for appellant.
*Glyndon Pruitt, Walt M. Britt,* for appellee.