## 62835. THE STATE v. AULTMAN.

BANKE, Judge.

The defendant is charged with burglary and theft by receiving stolen property. This is an interlocutory appeal by the state from the suppression of three knife sheaths seized from the open bed of his pickup truck.

Suspicion was drawn to the defendant during the course of an investigation into several crimes which had recently occurred in the county, to wit: the burglary of a television dealership, the burglary of a convenience store, the theft of a cigarette vending machine, the theft of tools from a maintenance garage, and the theft of a rifle from a parked vehicle. An unusual set of mismatched tire tracks was found at the site of three of these offenses, and one of the two officers handling the investigation discovered that the tires on the defendant's truck had similar mismatched tread designs. Also, the burglaries of the television dealership and the convenience store had been effected by smashing the front windows of these

establishments, a method known to have been used by the defendant in carrying out a burglary for which he had previously served time.

Their suspicions thus aroused, the two officers drove to the defendant's place of employment to question him and were informed that he had gone home for lunch. The officers proceeded to his home, where they placed the premises under surveillance until the defendant drove away in his truck, accompanied by a companion. They followed him, pulled him over, and prevailed upon him to accompany them to the jail for questioning. The officer in charge of the investigation, testified that he told the defendant "that we needed to talk to him at the jail and if he wanted to, come ride with me and I'd let Officer West drive your truck . . ." The jail was approximately a 5-minute drive away. The officers testified that they separated the two suspects during the drive to prevent them from talking to each other.

After arriving at the jail, the defendant and his companion were advised of their Miranda rights, whereupon they refused to answer any questions. At this point, one of the officers went outside, looked in the open bed of the truck, and noticed three knife sheaths in plain view on top of a garbage can. Knowing that several knives and sheaths had been reported stolen in the convenience store burglary, the officers then opened three plastic garbage bags which were also in the truck bed. They proved to contain the smashed remains of a television set. The defendant was formally placed under arrest following these discoveries, and additional incriminating evidence was later obtained from his home pursuant to the execution of three search warrants. Although all of this evidence was suppressed by the trial court, it is only the exclusion of the knife sheaths which is enumerated as error in this appeal. *Held:*

The essential purpose of the Fourth Amendment is to shield the citizen from unwarranted intrusions by the government upon his privacy. Cardwell v. Lewis, 417 U. S. 583, 589 (94 SC 2464, 41 LE2d 325) (1974), citing Jones v. United States, 357 U. S. 493, 498 (78 SC 1253, 2 LE2d 1514) (1958). "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." Katz v. United States, 389 U. S. 347, 351 (88 SC 507, 19 LE2d 576) (1967). See also United States v. Dionisio, 410 U. S. 1, 14-15 (93 SC 764, 35 LE2d 67) (1973). Consequently, a police officer who observes contraband in plain view is entitled to seize it, so long as he is at a place where he is entitled to be, i.e., so long as he has not violated the defendant's Fourth Amendment rights in the process of establishing his vantage point. See Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726) (1963); Harris v. United States, 390 U. S. 234 (88 SC 992, 19 LE2d 1067) (1968); *Brooks v. State,* 129 Ga. App.

393 (199 SE2d 578) (1974); *Hatcher v. State,* 141 Ga. App. 756 (234 SE2d 388) (1977).

The evidence at issue in this appeal was visible to the officers not as the result of any intrusion upon the defendant's Fourth Amendment rights but because the defendant knowingly exposed the items to public view by placing them in the open bed of his pickup truck and then driving the truck upon the public roads. As stated by the trial court in its lengthy opinion, the officers were able to see the sheaths "without intruding in any way upon the defendant's expectation of privacy because items left open to the public have no expectation of privacy as to their viewing." The information connecting the defendant to the crimes being investigated was ample to give the officers probable cause to believe that the sheaths were stolen and thus to seize them as contraband. Cf. *Hutto v. State,* 116 Ga. App. 140 (4) (156 SE2d 498) (1967). We accordingly conclude that even if the defendant was being detained unlawfully at the time, the seizure was not the fruit of this illegality. Cf. *Thompson v. State,* 248 Ga. 343 (283 SE2d 266) (1981). Therefore, the grant of the motion to suppress is reversed insofar as it pertains to the three knife sheaths.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 2, 1981 —
REHEARING DENIED DECEMBER 1, 1981.

*Gary C. Christy, District Attorney, J. Anderson Harp, Assistant District Attorney,* for appellant.
*Stephen W. Irving, A. Frank Grimsley,* for appellee.