## 65519. TIMMONS v. THE STATE.

Birdsong, Judge.

Kenneth Timmons was convicted of armed robbery involving the intentional infliction of grievous bodily harm. He was sentenced to serve the minimum sentence of ten years. He brings this appeal enumerating three alleged errors. *Held:*

1. The evidence shows that four young black males drove up in an old model green Thunderbird and entered a convenience food store, a Zippy Mart, in Hawkinsville. Apparently observing a customer in the store, they looked at some merchandise and left. Shortly thereafter, the same four young men entered the store. When two of them walked toward the back of the store, the clerk turned to see what they were doing when out of the corner of her eye she saw another of the young men lifting some object high to strike her. The victim was struck in the face below the eye with a tire iron (lug wrench). Though dazed, she struggled with the assailant identified by the victim as the appellant Timmons to stop him from striking her a second time with the weapon. She was grabbed at the neck and thrown to the floor; Timmons placed his foot upon her body to hold her down. Timmons or his companion then opened the cash register and removed approximately $80. In addition several red colored University of Georgia T-shirts, some hair spray and other items were taken. The young men then fled the store.

The victim could describe only two of the robbers. She described the one who struck her as being heavy, about 175-200 pounds and wearing dark glasses and a grey exercise suit with red stripes on the pants and initials in red upon the knee and a red patch on the leg. The other one was smaller and one or the other of the robbers wore a dark blue jacket. When the police were notified, a bulletin was put out over the radio describing the car and the clothing being worn by the robbers. Almost immediately a deputy from an adjoining town called reporting that the appellant Timmons had been seen wearing similar clothes a day or two before. As soon as Timmons was tentatively identified, the sheriff recalled that he had investigated an accident involving Timmons driving a green Thunderbird. A pickup order was issued for Timmons. Another officer obtained information that Timmons might be at a certain address in Hawkinsville and drove to that address. As soon as the officer arrived, he observed a green Thunderbird parked outside. In the back window of the Thunderbird was observed one or more red Georgia T-shirts. The officers went to the door and though it was approximately 2:45 a.m., they knocked on the door. A young girl (16) answered the door and upon being asked, informed the officers that Timmons was inside asleep on the couch.

The girl asked Timmons to comeout on to the porch and at that point, Timmons was taken into custody. The young girl gave permission for the officers to enter to look for the other robbers. Immediately upon entering, the officers saw a blue jacket on a chair. In a pocket of that jacket was a case containing the identity of Timmons. Timmons was removed to the Hawkinsville jail and one of the apprehending officers was directed to drive the green Thunderbird to the jail for inventory purposes. As the officer got into the car, he observed in plain sight a pair of dark glasses identified by the victim as being the ones worn by her assailant. Also in the car were cans of hair spray taken from the Zippy Mart as well as other items taken during the robbery.

2. In his first two enumerations of error, Timmons argues that his arrest was upon mere suspicion and without probable cause. He continues that inasmuch as the arrest was illegal, his subsequent statement was the product of the illegal arrest and likewise inadmissible. As an adjunct to this argument is the complaint that the seizure of the car and discovery of its contents was also without probable cause and without benefit of a warrant thus the admission of the product of the inventory or search was violative of his rights and prejudicial.

We can summarily reject each of these arguments. Whether an arrest is constitutionally valid depends upon whether at the time the arrest was made, the one making the arrest had probable cause to make it; that is whether at that time the facts and circumstances within the knowledge of the arresting officer and of which the arresting officer has reasonable trustworthy information is of sufficient probity to warrant a prudent man in believing the arrestee had committed an offense. *Blackwell v. State,* 248 Ga. 138, 139 (281 SE2d 599); *Starr v. State,* 159 Ga. App. 386, 387 (283 SE2d 630). In this case the officers were armed with information that a robber, probably Timmons, was dressed in a sweatsuit of a particular color with most specific markings and driving a green Thunderbird. The car was found at an address which had been identified as the place where Timmons probably was located; Timmons voluntarily came on the porch (confirming his presence) dressed in a sweatsuit of the reported color with the specific markings previously described. This gives a reasonable and prudent officer cause to believe that Timmons was one of the robbers. Thereafter, because there were three more reported robbers, it was reasonable for the officers to ask permission to look inside the house. Though disputed, there was ample evidence that the officers were initially invited into the house where they promptly saw a blue jacket in plain view, also reported as an article of clothing worn by one of the robbers. As to the discovery of the red T-shirts, hair spray and similar items found in the green

Thunderbird, these were left in plain view by Timmons and he has no just cause for complaint. *State v. Aultman,* 160 Ga. App. 550 (287 SE2d 580). There was no error in seizing the blue jacket nor in impounding the green Thunderbird (the instrument of a crime) and inventorying its contents. We find no error in the first two enumerations.

Moreover, inasmuch as appellant bases the suppression of his pretrial statement upon the alleged illegality of the arrest, we likewise reject any contention that the statement was improperly admitted against Timmons inasmuch as we have held the seizure to have been valid.

3. In his last enumeration of error, Timmons contends that the trial court improperly concluded that the injuries received by the victim amounted to serious bodily injury so as to require the imposition of a 10-year incarceration. As hereinbefore indicated, the victim was struck in the face with what indisputedly was a deadly weapon, especially considering the manner in which it was used. The blow to the head dazed the victim and caused a cut and bleeding, resulting in a permanent scarring of the face. Photographs available to the trial court and included in the transcript as state's exhibits reflect bleeding, contusions and great swelling. This court does not have the same opportunity as the trial court to witness the scar or observe the victim and her physical condition. The statute authorizes the 10-year incarceration based upon disfigurement amounting to serious bodily harm. We will not substitute our judgment for that of the trial court who classified the injury as amounting to serious bodily injury where there is at least some evidence to support such a determination. *Powell v. State,* 235 Ga. 208 (219 SE2d 109); *Jackson v. State,* 138 Ga. App. 208, 209 (225 SE2d 763). We find no merit in this enumeration.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 14, 1983 —
REHEARING DENIED MAY 2, 1983.

*James J. Daly, Jr.,* for appellant.
*James L. Wiggins, District Attorney, James E. Turk, Assistant District Attorney,* for appellee