## 66990. DUNN v. THE STATE.

McMurray, Presiding Judge.

This is a rape case. Defendant was convicted and sentenced to serve a sentence of 20 years. Following the denial of the defendant's motion for new trial he appeals. *Held:*

The enumerations of error all are concerned with the trial court's denial of the motion to suppress, i.e. (1) as to the defendant's statement and other evidence seized from the defendant's residence at which time he was allegedly arrested without probable cause, (2) without a warrant, and the evidence was seized without consent of the owner of the residence or the defendant when entrance to the residence was made and defendant arrested, and (3) said evidence and statement having been seized and obtained after his refusal to waive his privilege against self-incrimination and against his right to retained or appointed counsel and after his refusal to talk to his interrogators.

Immediately following the alleged rape and its report to police officers an investigation took place at the apartment complex where same occurred. In interviewing another young white male it was determined that the defendant had been present in the vicinity of the apartments with this individual but that defendant had been driven home earlier from a party taking place in the complex. The officers proceeded to his home to interview the defendant who lived approximately 1/2 mile away from the apartment complex through the woods, but one mile by road. This occurred in the early morning hours of the next day. At the Jackson-Denno (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing there was some conflicting testimony as to whether the officers were invited in by the defendant's sister, a young girl, or whether they forced their way into the dwelling when the front door was opened, inquiry having been made as to whether the defendant was present. Learning that he was present the officers proceeded to his bedroom to ask him questions. At that time the officers noticed that a leaf was on his back on his underclothes. His other clothing was damp, said clothing being observed in the room by the officers and matching the description of that reported as worn by the perpetrator of the rape. He was asked if he had been present in the woods that evening and as to where he had been that night, to which he replied that he had not been in the woods and had only gone to a convenience store in the vicinity. The evidence is conflicting as to whether his acquiescence to the officers who requested him to get up, get dressed and go downtown to answer more questions was voluntary or involuntary on the part of the defendant. At that time he had been advised of his rights and was again advised

of his rights at the police station where he was asked to sign a written waiver of his rights, but refused. During interrogation by the first officer he continued to deny any knowledge of the rape. Later upon the arrival of the chief deputy sheriff and after being apprised of the defendant's prior refusal to waive his rights and refusal to talk to the other officers, this officer proceeded to interrogate him and obtained an incriminating statement in which he made certain criminal admissions against his interest (although not a complete confession to the crime).

At the conclusion of the Jackson-Denno hearing the trial court ruled that the statement had been freely and voluntarily given, and this court will not disturb same unless it appears to be clearly erroneous. See *Sinns v. State,* 248 Ga. 385, 386 (283 SE2d 479). The factual and credibility determinations made by a trial court after a motion to suppress hearing will be accepted by the appellate courts unless clearly erroneous. See *Cox v. State,* 248 Ga. 713 (1) (285 SE2d 687); *Pressel v. State,* 163 Ga. App. 188, 189 (1) (292 SE2d 553). The evidence authorized the determination made by the trial court and we will not reverse it.

The trial court was authorized by the evidence to determine that the police officers were in a place where they were constitutionally entitled to be when they observed the defendant's clothing in plain sight and thereafter seized same by reason of its wetness and similarity to the description of the clothing reportedly worn by the perpetrator of the alleged crime. The evidence authorized the trial court to determine there was prior valid intrusion at which time the discovery of the evidence was inadvertent and probable cause existed to suspect that the items seized were inculpatory. See *State v. Brooks,* 160 Ga. App. 381 (287 SE2d 95); *State v. Nichols,* 160 Ga. App. 386 (287 SE2d 53); *State v. Aultman,* 160 Ga. App. 550, 551 (287 SE2d 580). The trial court did not err in allowing the articles of clothing in evidence.

The trial court's findings as to the factual determinations and credibility with reference to the voluntariness of the defendant's statement being a question of fact for the fact finder (the trial judge in the case sub judice on the motion to suppress hearing) must be accepted if there is any evidentiary basis reasonably authorizing such a conclusion. See *Sutton v. State,* 162 Ga. App. 193 (1) (290 SE2d 537); *Mitchell v. State,* 162 Ga. App. 780, 781 (3) (293 SE2d 48); *Payne v. State,* 249 Ga. 354, 359-360 (7) (291 SE2d 226). Our examination of the entire evidence satisfies us there was ample evidence to support the trial court's finding of voluntariness. The trial court did not err in allowing the defendant's statement in evidence as having been freely and voluntarily made. See *Stapleton v. State,* 235 Ga. 513, 516 (220

SE2d 269). We find no merit in any of the enumerations of error. *Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 26, 1983.

*C. Theodore Lee,* for appellant.
*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney,* for appellee.