69701. STANSELL v. THE STATE.
(330 SE2d 441)

DEEN, Presiding Judge.

The appellant, Wayne Stansell, was convicted of the offense of possession of a firearm by a convicted felon. On appeal, he contends that the evidence necessary to sustain his conviction was obtained as a result of an illegal arrest and thus should have been suppressed.

On the evening of January 3, 1983, several Floyd County police officers were called to the appellant's residence in response to neighbors' reports that the appellant had been discharging a firearm. (Some officers also had responded earlier in the evening to a report of a domestic disturbance at the appellant's house.) One officer approached the appellant's house, and, after some entreaty and disarming himself, was allowed to enter. Upon entering the residence, the officer observed the appellant standing beside some bookshelves holding a Ruger pistol; the officer then persuaded the appellant to put aside the pistol and discuss the situation.

Meanwhile, another officer had approached a magistrate and recounted the reports of gunfire, and the magistrate issued a warrant for the appellant's arrest. The arrest warrant charged that the appellant "did commit aggravated assault, when with a deadly weapon did baracade [sic] himself in his home, fire shots in all directions at neighbors home and threatened his wife . . ." When the other officer returned to the scene with the warrant, the appellant was arrested and the pistol was seized. The appellant was not charged with possession of a firearm as a convicted felon until later at the police station when his prior record was discovered.

Contending that there was no probable cause to support issuance of an arrest warrant for aggravated assault, no evidence having been shown to the magistrate that the appellant actually shot at his neighbors' homes and threatened his wife, the appellant moved to suppress the seized pistol as the inadmissible product of an illegal arrest. The trial court denied this motion and, following a bench trial, found the appellant guilty. *Held:*

OCGA § 17-4-20 (a) provides that "[a]n arrest for a crime may be made by a law enforcement officer . . . without a warrant if the offense is committed in his presence or within his immediate knowledge, if the offender is endeavoring to escape, if the officer has proba-

ble cause to believe that an act of family violence, as defined in Code Section 19-13-1, has been committed, or for other cause if there is likely to be failure of justice for want of a judicial officer to issue a warrant." (OCGA § 19-13-1, of course, includes assault as an act of family violence.) In the instant case, prior to arresting the appellant, the police officers on the scene were aware that officers had also been called to the appellant's residence approximately two hours earlier that evening because of a domestic disturbance; neighbors of the appellant had subsequently reported discharge of firearms by the appellant; and when the officers actually arrived at the scene in response to the second call, the appellant was in fact armed and refused to step outside his house. Under these circumstances, a warrantless arrest of the appellant would have been authorized pursuant to OCGA § 17-4-20, and the alleged infirmity of the arrest warrant actually obtained did not render the arrest illegal. Accordingly, the trial court properly denied the motion to suppress.

Moreover, *prior to the appellant's arrest*, the police officer who was given permission to enter the appellant's house observed the appellant in possession of the Ruger pistol. This evidence, independent of the arrest under the warrant and the actual weapon seized at the time of the arrest, was sufficient to prove the element of possession of a firearm, with regard to the appellant's conviction for possessing a firearm as a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree with the first ruling of the court, that the arrest without a warrant was authorized because the officers on the scene had probable cause to believe that an action of family violence had been committed. What they then knew authorized it.

But at the time of arrest, the officers did not know that defendant was a convicted felon and therefore could not have arrested him for possessing a firearm as a convicted felon. Later-obtained information cannot be used to validate an earlier arrest; the arrest must be valid when made. *Stanley v. State*, 129 Ga. App. 759, 760 (201 SE2d 182) (1973); *Timmons v. State*, 166 Ga. App. 489 (2) (304 SE2d 453) (1983); *Flowers v. State*, 252 Ga. 476 (1) (314 SE2d 206) (1984). Otherwise officers could arrest on mere hunches and suspicion, release people when those hunches or suspicions prove wrong, and prosecute people when evidence is found or later materializes.

DECIDED APRIL 9, 1985.

*Timothy A. Pape*, for appellant.
*F. Larry Salmon, District Attorney*, for appellee.