## A89A1633. THE STATE v. ZACKERY.
(387 SE2d 606)

McMURRAY, Presiding Judge.

On July 8, 1988, an anonymous tipster informed the Bartow County Sheriff's Office that defendant was growing marijuana behind his house in Kingston, Georgia. Four days later, investigators Michael Shinall and Arness Kimmons went to defendant's house to obtain his consent to search the premises. As they approached the front door, the investigators encountered a riding lawn mower on the front porch. The mower blocked the front door, leading the investigators to believe that that door was not being used. Accordingly, the investigators followed a walkway to a side door. The officers knocked on the side door and waited. As they waited, the officers observed marijuana plants in plain sight about 15 feet away. The plants were growing next to a smokehouse which was located directly behind defendant's house.

When no one came to the door, the investigators returned to their car, obtained a camera, and photographed the marijuana plants. Then, they pulled the plants out of the ground.

Subsequently, defendant was arrested and charged with violating the Georgia Controlled Substances Act. Defendant moved to suppress the marijuana seized by the investigators. The motion was sustained and the State brings this appeal. *Held*:

"The essential purpose of the Fourth Amendment is to shield the citizen from unwarranted intrusions by the government upon his privacy. *Cardwell v. Lewis*, 417 U. S. 583, 589 (94 SC 2464, 41 LE2d 325) (1974), citing *Jones v. United States*, 357 U. S. 493, 498 (78 SC 1253, 2 LE2d 1514) (1958). 'What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection.' *Katz v. United States*, 389 U. S. 347, 351 (88 SC 507, 19 LE2d 576) (1967). See also *United States v. Dionisio*, 410 U. S. 1, 14-15 (93 SC 764, 35 LE2d 67) (1973). Consequently, a police officer who observes contraband in plain view is entitled to seize it, so long as he is at a place where he is entitled to be, i.e., so long as he has not violated the defendant's Fourth Amendment rights in the process of establishing his vantage point. See *Ker v. California*, 374 U. S. 23 (83 SC 1623, 10 LE2d 726) (1963); *Harris v. United States*, 390 U. S. 234 (88 SC 992, 19 LE2d 1067) (1968); *Brooks v. State*, 129 Ga. App. 393 (199 SE2d 578) (1974); *Hatcher v. State*, 141 Ga. App. 756 (234 SE2d 388) (1977)." *State v. Aultman*, 160 Ga. App. 550, 551 (287 SE2d 580). Did the investigators violate defendant's Fourth Amendment rights in establishing their vantage point by the side door of defendant's house? We think not.

Where a police officer enters upon private property only to the extent of knocking on outer doors, the Fourth Amendment is not vio-

lated. *Gilreath v. State,* 247 Ga. 814, 819 (279 SE2d 650). Thus, a police officer who is unable to approach the front door of a residence and tries to knock upon a side door only makes a "valid intrusion" upon the property. *State v. Lyons,* 167 Ga. App. 747, 748 (307 SE2d 285). After all, such an officer is merely taking the same route as would any guest or other caller. See *State v. Nichols,* 160 Ga. App. 386 (287 SE2d 53). See also *Galloway v. State,* 178 Ga. App. 31, 34 (342 SE2d 473).

When a police officer makes a "valid intrusion" upon property and seizes contraband in plain view, "there is in effect no search at all." *State v. Nichols,* 160 Ga. App. 386, supra. "This holds true whether or not the officer expected or suspected that he would discover the object seized. *State v. Scott,* 159 Ga. App. 869, 870 (2) (285 SE2d 599)." *Galloway v. State,* 178 Ga. App. 31, 35, supra.

Inasmuch as the investigators were entitled to be at the side door of defendant's house, they were entitled to seize the marijuana which they observed in plain view. *Gilreath v. State,* 247 Ga. 814, supra. See also *Gravely v. State,* 181 Ga. App. 400 (352 SE2d 589). It follows that the trial court erred in sustaining defendant's motion to suppress evidence.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 27, 1989.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellant.
*Harry B. White,* for appellee.