A96A1730. JENKINS et al. v. THE STATE.
(477 SE2d 910)

JOHNSON, Judge.

Barbara Jenkins and her daughter, Chastity Jenkins, were found guilty of cocaine trafficking. Barbara Jenkins was also found guilty of possessing marijuana. Both defendants appeal from the denial of their motions to suppress the seized drugs. We affirm.

When reviewing an order on a motion to suppress evidence, an appellate court must construe the evidence favorably to upholding the findings and judgment of the trial court. The trial court's findings on credibility and disputed facts will not be disturbed on appeal unless they are clearly erroneous. *State v. Goodman*, 220 Ga. App. 169, 170-171 (2) (469 SE2d 327) (1996). Viewed in this light, the evidence shows that several DeKalb County police officers were dispatched to the home of Lillie Mae Jenkins, mother of Barbara Jenkins and grandmother of Chastity Jenkins, to investigate reports that drugs were being sold there. The state advanced no evidence that these reports should have been considered reliable. As one of the officers got out of the first patrol car to arrive, he saw two men on the porch, talking to a woman standing near the front door. The woman was later identified as Barbara Jenkins. The officer saw in her hand a clear plastic bag containing a green, leafy substance he suspected was marijuana.

When they saw the officers, the two men moved away quickly, and Barbara Jenkins went inside. The officer who had seen the bag of leafy material pursued her into the kitchen, where she tried to put the bag in her purse. The officer arrested her and seized the bag of what was later proven to be marijuana.

The trial court found that after Barbara Jenkins' arrest, one of the officers asked for and received the consent of the homeowner, Lillie Mae Jenkins, to a further search. The Jenkinses contend there was insufficient evidence to support this finding. The officers walked through the house, however, and found cocaine in plain view, on a plate on the floor of a closet that had no door. The officers then called for a canine search. When the officer in charge of the dog arrived, he suggested that they first obtain a warrant for the canine search. After the warrant was issued, the dog went into the house and found hidden cocaine. The officers then arrested Chastity Jenkins, who had also been inside the house when they arrived, and Lillie Mae Jenkins. The charges against Lillie Mae Jenkins were later dropped.

1. Barbara and Chastity Jenkins contend the officer who arrested Barbara Jenkins entered the curtilage of the Jenkins' property before he saw the marijuana in her hand; and that he had no right to be there, because there were no exigent circumstances, and he did not have a search warrant, articulable suspicion, or probable cause. Therefore, they contend, the seizure of the marijuana was improper, as was the resulting cocaine seizure.

Neither the testimony nor the trial court's findings make clear whether the officer was still in the street when he saw the marijuana or had already stepped into the yard on his way to the front porch. Even if he was already in the yard, however, the seizure of the marijuana was valid. "Where a police officer enters upon private property only to the extent of knocking on outer doors, the Fourth Amendment is not violated. . . . After all, such an officer is merely taking the same route as would any guest or other caller." (Citations omitted.) *State v. Zackery*, 193 Ga. App. 319, 320 (387 SE2d 606) (1989). When the officer saw Barbara Jenkins holding the marijuana, he had not even progressed to the point of knocking on an outer door; he was merely on the way to the front door. He had therefore committed no Fourth Amendment violation to that point. Id.; *State v. Nichols*, 160 Ga. App. 386 (287 SE2d 53) (1981).

Having seen Barbara Jenkins commit the offense of marijuana possession during this "valid intrusion" (*Zackery*, supra), the officer needed no warrant to arrest her. OCGA § 17-4-20 (a); *Clark v. State*, 212 Ga. App. 486, 487 (441 SE2d 885) (1994). This conclusion is not changed by the fact that Barbara Jenkins took the marijuana into the house before he could seize it. "An arrest in a private home based on 'hot pursuit' is a lawful arrest when a suspect, as to whom police

have probable cause, attempts to escape into the house. [Cits.]" *State v. Brown*, 212 Ga. App. 800, 801 (1) (442 SE2d 818) (1994). The officer was also entitled to search Barbara Jenkins' person and immediate presence pursuant to the arrest. OCGA § 17-5-1; *Burroughs v. State*, 190 Ga. App. 467, 472 (2) (d) (379 SE2d 175) (1989). The arrest of Barbara Jenkins and the seizure of the marijuana she was holding were therefore valid.

2. The Jenkinses contend that, even if the officer was authorized to arrest Barbara Jenkins and seize the marijuana, there were no exigent circumstances justifying the warrantless search of the entire house. Instead, they contend, the officers were authorized to search only the area within Barbara Jenkins' reach and to seize items in plain view only in the room in which she was arrested. The Jenkinses also contend the state failed to prove Lillie Mae Jenkins consented to a search of the house.

Once the first officer validly entered the house to arrest Barbara Jenkins, he and the officers with him were authorized to ensure their own safety and prevent the destruction of evidence by conducting a limited search of the entire house for other occupants; they were also authorized to seize the cocaine they found in plain view during this "securing" of the house. *State v. Camp*, 175 Ga. App. 591, 594 (2) (333 SE2d 896) (1985). It is therefore not necessary to decide whether there was sufficient evidence that Lillie Mae Jenkins consented to a search.

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 6, 1996.

*Douglas R. Daum*, for appellants.

*J. Tom Morgan, District Attorney, Desiree S. Peagler, Assistant District Attorney*, for appellee.