A00A0743. STROZIER v. THE STATE.
(535 SE2d 847)

SMITH, Presiding Judge.

Charles Strozier appeals from his conviction on charges of cultivation of marijuana and obstruction of an officer, basing his contentions on the trial court's denial of his motion to suppress. Because we conclude that the trial court did not err in denying Strozier's motion, we affirm.[1]

The State presented the testimony of Deputy David Jones, who testified that he was on routine patrol in a school zone at about 8:15 a.m. when, from approximately 100 to 150 feet away, he saw Strozier walking in his driveway from the edge of some woods toward his house carrying three potted plants. Although Jones was not positive, he believed the green leafy plants carried by Strozier might be marijuana plants. Jones testified that he had previously "seen marijuana as it was growing." Based on his belief that these plants might be marijuana, and after proceeding to the end of the school zone because of heavy traffic, Jones returned to Strozier's home and pulled up to the gate around Strozier's house. Strozier was standing at the corner of his carport watering the plants at that time, approximately 35 to 40 feet away from Jones. Jones was then able to determine positively that the plants were marijuana. As Jones began to exit his car, Strozier laid the plants down "real quick, looked back behind him, looked back at me, grabbed the plants and took off running." Jones gave chase, yelling that he was with the sheriff's department and telling Strozier to stop. Strozier refused and continued running but

---

[1] Strozier stipulated to a bench trial based on the evidence introduced at the hearing on his motion to suppress.

was apprehended a short time later by Jones. Jones later found two of the three plants in the woods into which he chased Strozier.

Strozier filed a motion to suppress and a motion in limine to exclude the evidence seized from his property, contending that his arrest was made without probable cause.[2]

We find the trial court's order on Strozier's motion well reasoned and correct. We therefore affirm.

> The essential purpose of the Fourth Amendment is to shield the citizen from unwarranted intrusions by the government upon his privacy. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. Consequently, a police officer who observes contraband in plain view is entitled to seize it, so long as he is at a place where he is entitled to be, i.e., so long as he has not violated the defendant's Fourth Amendment rights in the process of establishing his vantage point.

(Citations and punctuation omitted.) *State v. Zackery*, 193 Ga. App. 319 (387 SE2d 606) (1989). Furthermore, when a police officer enters "private property only to the extent of knocking on outer doors, the Fourth Amendment is not violated. After all, such an officer is merely taking the same route as would any guest or other caller." (Citations and punctuation omitted.) *Jenkins v. State*, 223 Ga. App. 486, 487 (1) (477 SE2d 910) (1996).

Here, Jones did not go so far as to knock on doors; he merely saw Strozier carrying plants that might be marijuana, in plain view, during the daylight hours in Strozier's front yard. Under *Zackery*, supra, these plants therefore were not even "a subject of Fourth Amendment protection." Id. at 319. As stated by the trial court, under these circumstances, Deputy Jones was authorized to enter Strozier's

> driveway as would any other caller. In fact, he would have been remiss in his sworn duty as a law enforcement officer had he not not done so. When he confirmed by visual observation from 35 feet away that the plants were marijuana, he then had probable cause to arrest the defendant.

*Gates v. State*, 229 Ga. App. 766, 767-768 (a) (495 SE2d 113) (1997), relied on by Strozier, is not controlling. In that case, we concluded that exigent circumstances did not exist justifying seizure

---

[2] He also contended in his motion to suppress that his *Miranda* rights were violated. He does not raise this contention on appeal, however.

when the police observed marijuana growing on defendant's property. See also *Carranza v. State*, 266 Ga. 263, 266 (467 SE2d 315) (1996) (no exigent circumstances where, among other things, no pending danger of injury or contraband "not in immediate danger of destruction"). In contrast, here Jones actually saw Strozier transporting the marijuana plants. Under these facts, we conclude that the trial court therefore was authorized to state that "[t]he mobility of the plants and their ready destructibility or concealment created exigent circumstances which obviated the necessity for the officer to obtain a warrant."

An appellate court must construe the evidence in support of the findings and judgment of the trial court when reviewing a trial court's order on a motion to suppress. *Jenkins*, supra. We will not disturb a trial court's findings on disputed facts and credibility unless clearly erroneous. Id. So construing the facts of this case, we cannot conclude that the trial court's findings of facts or credibility are clearly erroneous, and we therefore affirm its denial of Strozier's motion to suppress. Based on our conclusion that the trial court was authorized to deny Strozier's motion to suppress, we find no merit in Strozier's remaining enumerations of error.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 20, 2000.

*Strauss & Walker, John T. Strauss*, for appellant.
*Alan A. Cook, District Attorney, W. Kendall Wynne, Jr., Assistant District Attorney*, for appellee.

