### A01A0739. SYMS v. THE STATE.
(550 SE2d 723)

RUFFIN, Judge.

Leroy Syms appeals the trial court's denial of his "Motion for Production of Documents and Records" in this almost 20-year-old criminal case. For reasons that follow, we affirm.

Syms was indicted in July 1981 for voluntary manslaughter. A jury found him guilty following a trial in 1983, and we affirmed his conviction.[1] On June 15, 2000, Syms filed a "Motion for Production of Documents and Records." In that motion, Syms sought copies of the indictments for six other crimes allegedly used against him during his 1983 manslaughter trial. According to the motion, Syms needed these documents "to support the issues he had raised in a pending Federal Habeas Corpus Action." The trial court denied Syms' motion in October 2000, noting that "[t]here is no provision authorizing or requiring the production of documents in a case not currently pending before the court."

1. On appeal, Syms argues that the trial court improperly denied

---

[1] *Syms v. State*, 175 Ga. App. 179 (332 SE2d 689) (1985).

his motion on the ground that his criminal case was no longer pending before the court. He further claims that the trial court erred in not making findings of fact and conclusions of law.

Syms' arguments present no basis for reversal. Even assuming, without deciding, that the trial court could have reached the merits of the motion to produce, denial of that motion was appropriate.[2] As indicated by our Supreme Court, " '[a]fter the time for appeal has expired there is no due process or equal protection right to a free copy of one's court records absent a showing of necessity or justification.' "[3] Thus, " ' "some justification for use in a habeas corpus or related proceeding must be shown in order to be entitled to such records in a collateral attack on the sentence." ' "[4] Syms has not made the necessary showing.

As an initial matter, the record does not reveal that Syms was in fact indicted for the six "other crimes" he discusses in his brief. As evidence of these crimes, Syms points to testimony given by various fact witnesses during his manslaughter trial. One witness testified, for example, that Syms, the victim, and another individual used cocaine the night before the incident. According to Syms, this testimony established that he possessed and used cocaine in violation of OCGA § 16-13-26, a crime for which he now seeks a copy of his "indictment." Nothing in the record, however, indicates that Syms was actually indicted for this offense or the other crimes he cites.

Furthermore, the record clearly shows that by the time Syms filed his June 2000 motion to produce, his habeas corpus petition had been denied by the federal district court and was on appeal with the Eleventh Circuit Court of Appeals. In fact, Syms' appellate brief was due approximately six months *before* he filed his June 2000 motion to produce. We also note that just one month after Syms filed his motion and well before the trial court ruled, the Eleventh Circuit affirmed the denial of his habeas corpus petition.[5]

By the time Syms filed his motion, therefore, his habeas corpus action was in the appeal stage. Any "new evidence" that he might have submitted to the Eleventh Circuit at that point would not have been considered on appeal.[6] Moreover, when the trial court ruled on his motion, his appeal had been decided adversely to him. Syms has

---

[2] See *Sirmans v. State*, 244 Ga. App. 252, 253 (2) (534 SE2d 862) (2000) ("[A] decision right for any reason will be affirmed on appeal.").

[3] *McDowell v. Balkcom*, 246 Ga. 611 (272 SE2d 280) (1980).

[4] (Emphasis omitted.) *Mydell v. Clerk, Superior Court &c.*, 241 Ga. 24 (243 SE2d 72) (1978).

[5] *Syms v. Chapman*, 228 F3d 414 (11th Cir. 2000).

[6] See *Wilson v. Apfel*, 179 F3d 1276, 1278-1279 (11th Cir. 1999) (appellate court may consider evidence in the certified record only); *Dominick v. Dixie Nat. Life Ins. Co.*, 809 F2d 1559, 1573 (11th Cir. 1987) (refusing to consider evidence attached to appellate briefs).

not shown any justification or necessity that would support an order to produce the requested indictments — if they, in fact, exist. The time for presenting the indictments as evidence in his federal habeas corpus action had passed. Accordingly, the trial court did not err in denying Syms' June 15, 2000 "Motion for Production of Documents and Records."

2. In his remaining enumerations of error, Syms appears to challenge his manslaughter conviction, arguing that the State did not follow the notice procedures required to introduce evidence of these "other crimes" at trial. As noted above, we affirmed Syms' conviction in 1985.[7] He cannot now seek to "appeal directly what has already been appealed and decided against him."[8] Furthermore, these alleged errors have nothing to do with whether the trial court properly denied Syms' June 2000 motion to produce, the ruling from which he appeals. Thus, they provide no basis for reversal.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 22, 2001.

Leroy Syms, *pro se.*
*Spencer Lawton, Jr., District Attorney, Lori T. Loncon, Assistant District Attorney*, for appellee.

---

[7] *Syms v. State*, supra.
[8] *Collier v. State*, 170 Ga. App. 616, 617 (317 SE2d 657) (1984).