## 75159. MORROW v. STATE OF GEORGIA.

(367 SE2d 854)

BANKE, Presiding Judge.

Morrow appeals the grant of the state's motion for summary judgment in this forfeiture proceeding brought pursuant to OCGA § 16-13-49, to condemn his interest in a 1982 Honda automobile.

On January 17, 1986, the appellant was arrested and charged with possession of cocaine with intent to distribute. It was alleged in the forfeiture petition that on two occasions prior to his arrest, the appellant had used the 1982 Honda automobile, which was registered in his name, to transport cocaine from his home in Polk County, Tennessee, to Fannin County, Georgia, where, on both occasions, he had sold the cocaine to an undercover agent employed by the Georgia Bureau of Investigation. At the time of his arrest, the appellant was involved in a third such transaction, but on that occasion he was driving a borrowed vehicle.

The state alleged that on January 23, 1986, the Honda automobile was seized from the appellant's residence in Tennessee by Tennessee authorities, during their execution of a Tennessee search warrant obtained on the basis of information provided by the GBI. The car was subsequently held by the Tennessee authorities in Ducktown, Tennessee, until an investigator from the Fannin County, Georgia, Sheriff's Office, acting at the direction of the Fannin County District Attorney but without benefit of judicial process, traveled to Tennessee and obtained possession of it from the Tennessee authorities. The investigator then transported the vehicle to Georgia, where he delivered it into the custody and possession of the Fannin County Sheriff. The state subsequently filed its petition for condemnation and forfeiture of the automobile, alleging that the vehicle had been used to facilitate the transportation of cocaine in violation of the Georgia Controlled Substances Act. In his answer, the appellant asserted that the vehicle has been seized unlawfully, without his permission and without legal process. *Held*:

OCGA § 16-13-49 (formerly Code Ann. § 79A-828, enacted by Ga. L. 1974, p. 221, § 1) created a special statutory in rem procedure whereby a vehicle used to facilitate the transportation of controlled substances in violation of the Georgia Controlled Substances Act

could be seized and condemned by the state. It has been held that in order to effect a valid forfeiture pursuant to this Code section, the detailed statutory scheme must be strictly construed and strictly adhered to. See *Lang v. State,* 168 Ga. App. 693, 695 (310 SE2d 276) (1983); *Hill v. State,* 178 Ga. App. 563 (2) (343 SE2d 776) (1986).

The statute specifies that a seizure may be effected by "any law enforcement officer of this state or political subdivision thereof . . . *upon process issued by any court having jurisdiction over the property.*" OCGA § 16-13-49 (b). (Emphasis supplied.) In the present case, it is undisputed that the Fannin County investigator did not take possession of the vehicle pursuant to judicial process. Rather, he simply took the vehicle from the custody of the Tennessee authorities, who had allegedly seized the vehicle pursuant to a search warrant. Clearly, no process was ever issued by any court purporting to authorize either the Fannin County District Attorney or the Fannin County Sheriff to assume possession of the vehicle.

While we recognize that the statute allows for the seizure of property without benefit of judicial process under certain specified circumstances (see OCGA § 16-13-49 (b) (1) through (4)), we reject the argument advanced by the state during the proceedings below that two such statutory exceptions were applicable in this case — specifically, the exception for seizures "incident to an arrest or a search under a search warrant" (OCGA § 16-13-49 (b) (1)) and the exception for seizures based on "probable cause to believe that the property was used or is intended to be used in violation of [the GCSA]." OCGA § 16-13-49 (b) (4). Reliance on the search warrant exception is misplaced both because the Georgia officials did not seize the vehicle under the authority of the Tennessee warrant and also because there was no evidence to support the allegation that the seizure of the vehicle was authorized by the Tennessee warrant. Reliance on the "probable cause" exception is also misplaced, as that provision clearly does not purport to authorize Georgia law enforcement officers to seize property located outside of the state, nor, in any event, would such authorization be of any legal effect.

The burden was on the state to prove that the seizure was authorized, both pursuant to its status as a condemnor and pursuant to its status as movant on motion for summary judgment. See generally *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973). Since the state has failed to establish as a matter of law the existence of a valid basis for the seizure, it follows that the trial court erred in granting its motion for summary judgment.

*Judgment reversed. Birdsong, C. J., McMurray, P. J., Carley, Sognier, and Beasley, JJ., concur. Deen, P. J., Pope and Benham, JJ., dissent.*

BENHAM, Judge, dissenting.

In the present case, Georgia authorities received the property in question from Tennessee authorities who were in custody of the property under color of law. Insofar as the record of this case shows, the Tennessee authorities had lawful possession of the vehicle and were empowered to deliver it into the custody of Georgia authorities. Appellant has made no contrary showing and I am aware of no authority, and the majority has cited no authority, which would forbid such a transaction. The Code section authorizing seizure of vehicles used to transport drugs, OCGA § 16-13-49, does not by its terms forbid the arrangement made in this case.

Even if it be conceded that the search warrant exception to the requirement of process for seizure of vehicles under the Code section is inapplicable, I cannot agree with the majority's off-handed rejection of the probable cause exception. It is true that the statute does not and legally cannot authorize extraterritorial seizures by Georgia law enforcement officers, but it does not condemn cooperation between states. Here, the record shows that Tennessee authorities, acting under color of law, delivered to a Georgia law enforcement officer a vehicle which had been used in drug trafficking in Georgia, and that the Georgia officer drove the car back to Georgia, into the circuit in which the car had been criminally employed, and effected there a seizure of the car. Though the majority focuses on the absence from the statute of specific authority for every particular situation which might arise, I focus instead on the fact that the statute does not forbid what was done in this case and on the need to interdict the drug traffic in which appellant was clearly involved in Georgia.

If the seizure in Tennessee was illegal, appellant must seek his remedy there. In this case, however, he has not demonstrated illegality in the State's seizure of his vehicle or error in the trial court's grant of summary judgment to the State. For that reason, I must dissent from the majority's judgment of reversal. I would affirm.

I am authorized to state that Presiding Judge Deen and Judge Pope join in this dissent.

DECIDED MARCH 15, 1988 —
REHEARING DENIED MARCH 31, 1988 —

*William L. Reilly*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.