A92A1870. PITTS v. STATE OF GEORGIA.
(428 SE2d 650)

JOHNSON, Judge.

Narcotics officers executing a search warrant at the residence of Jethro Pitts and his girl friend Pam Mosely found cocaine, marijuana, and currency totaling $64,258. Though Pitts himself was not present when the officers initiated the search, they found an additional $1,240 on Pitts' person when he returned. At the time of the search, Pam Mosely told the officers that the drugs were hers. The drugs and money were seized, and Pitts was charged with multiple violations of the Georgia Controlled Substances Act. The state filed a complaint seeking forfeiture of the money. Pitts filed an answer claiming ownership of the money and asserting generally that the money was not subject to forfeiture. Based upon evidence presented at the forfeiture hearing, the trial court found that the money was contraband subject to forfeiture under OCGA § 16-13-49, and entered an order of disposition in favor of the state. Pitts appeals.

1. Pitts contends that the trial court erred in disallowing evidence concerning the legality of the search. At the forfeiture hearing, Pitts attempted to challenge the basis for the underlying search warrant.[1] In the colloquy between counsel for both parties and the court over an objection to questions dealing with the basis for the search war-

---

[1] We note that Pitts did not raise this issue in his answer as required by OCGA § 16-13-49 (o) (3). Nonetheless, the state did not challenge the issue on this ground when raised at trial. Therefore we will address the issue on its merits.

rant, appellant's counsel made it clear that he wished to explore whether there had been probable cause to issue the search warrant. The trial judge concluded that a challenge to the search warrant was more properly the subject of a motion to suppress at the criminal trial. A motion to stay the forfeiture proceedings pending the resolution of the criminal trial was also denied. The issue presented to us for consideration is whether a collateral attack on the legality of the underlying search may be made in the context of forfeiture proceedings pursuant to OCGA § 16-13-49, when the validity of the search has not been previously adjudicated in a criminal action.[2] We hold that it may.

This appears to be an issue of first impression in Georgia, but the federal courts have examined the issue in the context of the analogous federal forfeiture statute, 21 USCA § 881. Because forfeiture proceedings are quasi-criminal in nature, the exclusionary rule has been held to apply. *United States v. Elgersma*, 929 F2d 1538, 1548, n. 21 (11th Cir. 1991). "It would be anomalous indeed, under these circumstances, to hold that in the criminal proceeding the illegally seized evidence is excludable, while in the forfeiture proceeding, requiring the determination that the criminal law has been violated, the same evidence would be admissible." *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U. S. 693, 701 (85 SC 1246, 14 LE2d 170) (1965). Therefore, if the search was illegal, it would render the evidence produced by the search tainted and inadmissible. A forfeiture action is not barred by an illegal seizure, however, if independent evidence exists connecting the forfeited property to illegal activities. A conviction in the underlying criminal case acts as independent evidence from the illegal seizure and renders the legality of the seizure irrelevant. See generally *United States v. $80,080.00 in U. S. Currency*, 779 FSupp. 169, 173 (N.D. Ga. 1991). In the case before us, however, the forfeiture proceedings *preceded* the criminal action. Therefore Pitts was not estopped from raising a collateral challenge to the underlying search warrant. We conclude that in those instances where the issue of the legality of the underlying search has not been resolved in the context of a criminal action, it may be addressed, if raised, at the forfeiture proceedings. This ruling is consistent with our reading of OCGA § 16-13-49 (g) (3), requiring that a seizure in forfeiture actions be made with process or conducted in a good faith belief that proba-

[2] Compare *Morrow v. State of Ga.*, 186 Ga. App. 615 (367 SE2d 854) (1988) (van was taken by Georgia authorities without any judicial process from the custody of Tennessee authorities who had seized it pursuant to a search warrant); *Waller v. State*, 251 Ga. 124 (303 SE2d 437) (1983) (discussion of seizures in the context of OCGA § 16-14-7 (f), the Georgia Racketeer Influenced & Corrupt Organizations Act (RICO)); and *Phillips v. State*, 167 Ga. App. 260, 262 (1) (305 SE2d 918) (1983) (forfeiture of van seized in an illegal search held to be improper in criminal proceeding).

ble cause exists to conduct the search. We reverse and remand this case to the trial court for resolution of the issue of the legality of the search at a new trial.

2. Pitts further complains that the trial court erred in finding that the money was subject to forfeiture.

OCGA § 16-13-49 (d) declares six categories of property to be contraband in which no person shall have a property right. The state need only prove that the property as to which forfeiture is sought falls within one of these six categories in order to prevail. The state asserted in its amended complaint that the money seized satisfied two of the provisions of the statute, subsection (6) because the money was "found in close proximity to any controlled substance or marijuana" and subsection (3) because the money "was, directly or indirectly, used or intended for use in [a] manner to facilitate a violation of [OCGA § 16-13-49] or of the laws of the United States or any of the several states relating to controlled substances . . . or any proceeds derived or realized therefrom."

Although there were conflicts in the evidence presented at the trial, the court was authorized by the evidence to find that Pitts had stolen the money found in the house from a drug supplier who had obtained the money as proceeds from an illegal drug sale, and that Pitts had purchased the house in which the money was found for the purposes of using it as a "safe house" for illegal drug activity. We find the evidence in the record sufficient to support the trial court's conclusion that the money seized from the house was directly used in a manner to facilitate the distribution of controlled substances. Therefore, we conclude that its judgment of forfeiture as to the $64,258.20 found in the house was proper.

As noted above, Pitts was not in the house at the time the officers began their search. The remaining $1,240 was found on his person. This portion of the money was not in close proximity to the areas in which the contraband was found, and there is no evidence in the record to show that this portion of the money was directly or indirectly used or intended for use in a manner to facilitate a violation of the Georgia Controlled Substances Act. Nor is there any other evidence in the record to show that this portion of the money was subject to forfeiture under any other provision of the Act. Though it was properly subject to seizure because it was seized incident to his arrest as contemplated by OCGA § 16-13-49 (g) (2), the state still must prove that it was subject to forfeiture. Because the evidence is insufficient to support such a conclusion, we find that the state failed to carry its burden of showing that this portion of the money was subject to forfeiture under the Act. Therefore, the trial court erred in including the $1,240 in the award, and we must reverse as to that portion of the judgment.

*Judgment reversed and case remanded with direction. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 4, 1993.

*I. Mark Rubin*, for appellant.
*W. Fletcher Sams, District Attorney, Sharon J. Law, Assistant District Attorney*, for appellee.