A95A0186. MANLEY v. STATE OF GEORGIA.

(458 SE2d 179)

McMURRAY, Presiding Judge.

This appeal is taken from a judgment in favor of the State in a civil forfeiture action. The action stemmed from the arrest of Charles Manley for violation of the Georgia Controlled Substances Act. This appeal by Manley alleges numerous errors by the trial court, all in the following general areas: (1) his arrest was invalid; (2) law enforcement officers were on his property illegally when marijuana was discovered and the arrest made; (3) seizure of certain of Manley's personal property was unjustified; and (4) failing to find that he "had a right to trial by jury with respect to the present forfeiture action."

Roy Morris, a conservation sergeant with the Department of Natural Resources, was checking various hunting sites for violations of the hunting laws. On one tract, the sergeant detected a strong odor of marijuana and came upon a marijuana field. Morris left the property and returned later in the day with additional law enforcement officers to destroy the marijuana. While pulling up marijuana stalks and taking them to his vehicle, he heard the sound of a truck approaching. He ran toward the truck, which rapidly backed up. Morris, who was in uniform, got into his marked vehicle and pursued the truck, using his blue lights and siren. The truck pulled over, and Manley exited the vehicle. Twist ties consistent with those seen securing the marijuana plants were found on Manley's person and in his truck. *Held*:

1. Defendant contends the trial court erred in finding that there was probable cause for his arrest. The defendant asserts the State had neither probable cause nor articulable suspicion to justify a stop of his vehicle.

"Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction. . . . Flight in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search." (Citations and punctuation omitted.) *State v. Billoups*, 191 Ga. App. 834, 835 (383 SE2d 198). The officer was in close proximity to the marijuana field when defendant's vehicle approached, and access to the field was limited by a locked cable. At that particular moment, the police may have had only articulable suspicion to justify a *Terry* stop of the defendant. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889).

However, it matured into probable cause for arrest when the officer observed the ties hanging out of defendant's pocket and in the back of his truck which were consistent with those seen tying the marijuana to the supporting stakes. Also, fresh tire tracks found near the parking place of the conservation vehicle prior to the chase suggested that Manley had been in a position to see that it was a marked law enforcement vehicle he was attempting to flee. Thus, there was probable cause for Manley's arrest. The conservation officer did not lack authority to stop or arrest Manley. OCGA § 27-1-20 (a) (10); *Smith v. State*, 204 Ga. App. 576 (1) (420 SE2d 29). This and additional enumerations of error premised upon the supposition that the arrest of Manley was illegal are without merit.

2. Defendant contends that law enforcement officers should not have been allowed entry onto his posted property, and that said entry constituted trespass and invalidated any forfeiture action. He specifically asserts that the posting of no-trespassing signs and no-hunting signs created a zone of privacy in which entry by anyone was forbidden. "[I]n *Hester v. United States*, 265 U. S. 57, 59 (44 SC 445, 68 LE 898), the United States Supreme Court held that even if the law enforcement agents had trespassed onto privately owned land an illegal search and seizure did not occur, because the special protection accorded by the Fourth Amendment to the people in their ' "persons, houses, papers, and effects" ' is not extended to the open fields." *Perry v. State*, 204 Ga. App. 643 (2), 645 (419 SE2d 922). See also *Mattingly v. State*, 205 Ga. App. 777 (1) (423 SE2d 709) and *Thomas v. State*, 203 Ga. App. 529, 531 (2), 533-534 (417 SE2d 353). Also, the conservation officer did not lack authority to go upon the property. OCGA § 27-1-20 (a) (6).

3. Manley contends that there was insufficient evidence to justify the seizure of his 1973 Chevrolet pickup truck, including a rifle and rifle accessories therein, his 1969 Chevrolet Camaro, $469 cash, and Mettler digital scales.

Manley asserts that he was on the property checking deerstands and sighting his rifle, and that the wire ties found in his possession

were for securing camouflage covering on a deerstand. However, the testimony revealed that Manley was in his 1973 Chevrolet pickup truck when he tried to flee from Morris, that a rifle and accessories were in the cab of the truck, and that in the back of the truck were pull-ties consistent with those used in the care and cultivation of the marijuana plants located on the property. Under OCGA § 16-13-49 (d) (2), property that is used in any manner to facilitate a violation of the Georgia Controlled Substances Act, or any proceeds derived therefrom, is contraband, and no person shall have a property right to it. The evidence authorized a conclusion that the truck, and the rifle and accessories, were used by Manley to care for and protect his marijuana field, and facilitated his drug business. Furthermore they were in close proximity to the marijuana fields and thus are subject to forfeiture pursuant to OCGA § 16-13-49 (d) (6).

The defendant argues that the evidence was insufficient to support the forfeiture of his 1969 Chevrolet Camaro because the testimony revealed that there was only 2.38 ounces of loose marijuana found in the trunk of the vehicle, along with some vermiculite and soil. Manley asserts that the Camaro is not subject to forfeiture since OCGA § 16-13-49 (e) provides: "A property interest shall not be subject to forfeiture under this Code section for a violation involving one gram of cocaine or less or four ounces of marijuana or less unless said property was used to facilitate a transaction in or a purchase of or sale of a controlled substance or marijuana." However, Manley's property is also subject to forfeiture pursuant to OCGA § 16-13-49 (d) (6), which states that the following are declared to be contraband and no person shall have a property right in them: "All moneys, negotiable instruments, securities, or other things of value which are found in close proximity to any controlled substance or marijuana or other property which is subject to forfeiture under this subsection." Law enforcement agents found the Camaro in close proximity to duffel bags filled with marijuana and also in close proximity to the basement where many pounds of marijuana were being dried. Furthermore, the Camaro is subject to forfeiture under OCGA § 16-13-49 (d) (2), since it was used to facilitate a violation of the Georgia Controlled Substances Act. As the trial court determined, in considering evidence of scattered marijuana in the trunk of the vehicle, and the distance between the field and the residence where the marijuana was processed, it was reasonable to conclude that the vehicle was used to transport Manley's marijuana crop from the field to his residence.

Defendant argues that the $469 cash found in his pocket at the time of his arrest should not be subject to forfeiture. While there was no evidence at trial showing that this money was proceeds from a drug transaction, or that it was used to facilitate a drug transaction, the money is still subject to forfeiture based on OCGA § 16-13-49 (s)

(2), which states "The fact that money . . . was found in proximity to contraband or to an instrumentality of conduct giving rise to forfeiture authorizes the trier of the fact to infer that the money . . . was the proceeds of conduct giving rise to forfeiture or was used or intended to be used to facilitate such conduct." The money clearly was in proximity to contraband — that is, the truck, the rifle and the accessories, the field, and the ties — as defined by OCGA 16-13-49 (d) and therefore was properly forfeited.

Defendant also objects to forfeiture of the Mettler digital scales which were seized from his hall closet. He specifically argues that there is no evidence showing that these scales were used for illicit drug activity. No evidence was presented why Manley an alleged electrician would need these scales. Yet evidence was offered by the State that heat-sealed packages had been marked with the precise amount of drugs in them. The evidence authorized a conclusion that the scales were used by the defendant to weigh marijuana. Therefore the trial court's forfeiture of the scales pursuant to OCGA § 16-13-49 (d) (2) was not error.

4. Defendant asserts error in allowing this forfeiture action to proceed without a trial by jury. OCGA § 16-13-49 (o) (5) and (p) (6) expressly mandate that the proceeding must be held by the court without a jury. See also *Swails v. State of Georgia*, 263 Ga. 276 (431 SE2d 101).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JUNE 7, 1995.

*Strauss & Walker, John T. Strauss*, for appellant.
*Alan A. Cook, District Attorney, Gary D. Bergman, Thomas W. Hayes*, for appellee.