## A02A0901. HODGE v. STATE OF GEORGIA.
(570 SE2d 666)

ANDREWS, Presiding Judge.

Cecil Ray Hodge, Jr. appeals the forfeiture of his 1993 Mercedes and 1994 Chevy Blazer pursuant to OCGA § 16-13-49 and the denial of his motion to suppress filed in that forfeiture action. Finding no error, we affirm.

The facts of the case are undisputed. In late February 2001, the Richmond County Sheriff's Department received an anonymous letter postmarked February 23, 2001. The letter stated, "[T]o the good guys. There is a two story apartment behind 2408 Williams Street near ASU that you should take a look inside. I would not delay. Time is of the essence. Have a nice day." Acting upon this letter, narcotics investigator Phares visited the address. The main house at this address was under renovation and located behind it was a two-story building containing upstairs and downstairs apartments. When Phares approached the front door of the downstairs apartment and knocked, he was overwhelmed by the smell of what he identified as marijuana coming from underneath the door. Receiving no response to his knocking, Phares started knocking on windows and observed the electric meter on the side of the house. The electric meter for the upstairs apartment was spinning very fast in comparison to the lower apartment indicating to the officer that an indoor marijuana growing operation might be present at the residence. Phares called a canine unit to the scene for further investigation, and, upon arrival, the narcotics dog immediately alerted to the presence of narcotics at the front door of the lower apartment. Phares then ascended a set of exterior stairs to the upper apartment and again noticed the strong smell of marijuana.

Subsequently, the investigator applied for and received a search warrant for the lower apartment, rented by Hodge. Upon executing the search warrant in the presence of Hodge on March 1, the sheriff's department discovered several large bags of marijuana, as well as drug paraphernalia. The investigator then discovered that Hodge also rented the upstairs apartment. A search warrant was obtained for the upstairs apartment which led to the discovery of 44 mature marijuana plants growing in the rear bedroom. The police seized the

marijuana, other paraphernalia related to the weighing and usage of marijuana, and Hodge's Blazer and Mercedes.

1. In his first enumeration of error, Hodge argues that the trial court erred in failing to suppress the evidence obtained by the illegal search of his residence and curtilage based on Phares' initial approach to his apartment to investigate the tip. We disagree.

"Where a police officer enters upon private property only to the extent of knocking on outer doors, the Fourth Amendment is not violated." *State v. Zackery*, 193 Ga. App. 319 (387 SE2d 606) (1989). By approaching the front door of the residence for the purpose of asking questions regarding the anonymous tip, the sheriff's department made no more intrusion on Hodge's privacy than would the average person and did not violate the Fourth Amendment. *Gardner v. State*, 255 Ga. App. 489 (566 SE2d 329) (2002); *Strozier v. State*, 244 Ga. App. 514, 515 (535 SE2d 847) (2000); *State v. Zackery*, supra.

Being where he had a right to be, Phares, based on his experience and training, encountered the strong smell of marijuana coming from the apartment, giving him probable cause to believe a crime was being committed there. *Bigby v. State*, 250 Ga. App. 529 (1) (552 SE2d 129) (2001); *Strozier v. State*, supra. Further, a trained drug dog alerted to the presence of the narcotics in the downstairs apartment, and this Court has held that the alert of a drug dog provides sufficient probable cause to issue a search warrant. *Rivera v. State*, 247 Ga. App. 713 (545 SE2d 105) (2001); see also *Taylor v. State*, 254 Ga. App. 150, 151 (1) (561 SE2d 833) (2002) (officers, investigating complaints of marijuana smoking in apartment building, who then smelled odor of marijuana coming from an apartment, saw two men leave this apartment, and smelled marijuana on their clothing, had probable cause to suspect there was marijuana in that apartment); *Warren v. State*, 254 Ga. App. 52, 55 (2) (561 SE2d 190) (2002) (odor of marijuana detected by officer standing outside vehicle provided probable cause to search vehicle).

There was no error in the trial court's denial of the motion to suppress.

2. In his next enumeration of error, Hodge argues that the trial court erred in condemning Hodge's Blazer and Mercedes.

The Mercedes was parked in the driveway of the apartment when officers arrived, and the Blazer was being driven by Hodge that day. Also, during the previous week, Hodge had been stopped by officers while driving the Blazer and a drug dog alerted on it, although officers were unable to locate any narcotics upon searching it. Hodge was contacted at work during the search of the downstairs apartment and drove the Blazer there. When he saw the officers had found marijuana and were obtaining a warrant for the upstairs apartment, he told them they should take a camera and also told

them the reason they had been unable to find the marijuana when he was earlier stopped in the Blazer was because it was concealed in a piece of PVC pipe attached underneath.

The total argument made here consists of the following sentence: "[t]here is no evidence in the record that these two automobiles were contraband under the applicable Code section." Pretermitting whether the enumeration is abandoned by this cursory statement pursuant to Court of Appeals Rule 27 (c) (2), the evidence was sufficient. The State here did not allege that the vehicles were contraband, but that they had been, were being, or would be used to facilitate illegal drug activity or were in close proximity to the activity, two additional bases for forfeiture.

> "A forfeiture action is a *civil* proceeding. The State, as plaintiff, was required to prove its case by a preponderance of the evidence rather than by the higher burden of proof applicable to criminal cases." (Citations and punctuation omitted; emphasis in original.) *Bettis v. State of Ga.*, 228 Ga. App. 120, 121 (491 SE2d 155) (1997). The trial court in this case sat as the factfinder, and we will not disturb its findings unless they were clearly erroneous. Id. And a trial court's findings of fact "are not clearly erroneous if there is any evidence to support them." (Citation and punctuation omitted.) Id. This is true where, as here, "such findings are based upon circumstantial evidence and the reasonable inferences which flow therefrom." (Citations and punctuation omitted.) Id.

*Jones v. State of Ga.*, 249 Ga. App. 64, 68 (3) (547 SE2d 725) (2001).

Hodge presented no evidence in opposition to the State's case, and the evidence presented by the State was sufficient. *Jones v. State of Ga.*, supra.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 29, 2002.

*Christopher G. Nicholson*, for appellant.
*Daniel J. Craig, District Attorney, Rebecca A. Wright, Charles R. Sheppard, Assistant District Attorneys*, for appellee.