McFADDEN, Judge, dissenting.
I respectfully dissent. Although I agree with the majority that the trial court's interpretation of OCGA § 16-13-49(d)(6) is contrary to our case law, I see no implicit finding in the trial court's order that the vehicle was, as a factual matter, located in "close proximity" to the marijuana seized from the apartment. I would therefore vacate the trial court's order and remand for further proceedings.
In addition I question the soundness of our case law construing the residual clause of OCGA § 16-13-49(d)(6). I am strongly inclined to hold that we have erred in applying that clause to things not of the same kind or class as moneys, negotiable instruments, and securities. But because the parties have not directly addressed this issue, I would not reach it today.
1. Trial court's findings.
The state instituted forfeiture proceedings against West's automobile based on OCGA § 16-13-49(d)(6). Each of the six subsections of OCGA § 16-13-49(d), which is set out in full below,[2] describes a category of property subject to forfeiture. Subsection (d)(6) provides:
The following are declared to be contraband and no person shall have a property right in them: [a]ll moneys, negotiable instruments, securities, or other things of value which are found in close proximity to any controlled substance or marijuana or other property which is subject to forfeiture under this subsection.
As the majority holds, the plain language of the statute provides that proximity alone is sufficient to authorize forfeiture of property subject to subsection (d)(6), and the trial court erred in holding otherwise. "The state need only prove that the property as to which forfeiture is sought falls within one of [the] six categories [of OCGA § 16-13-49(d) ] in order to prevail." Pitts v. State of Ga., 207 Ga.App. 606, 608(2), 428 S.E.2d 650 (1993).
But there is no basis for the majority's holding that the trial court made an implicit factual finding that West's car was in close proximity to the marijuana seized from the apartment. The state's sole argument as to the car has two elements: as a matter of fact, it was in close proximity to the drugs;
*157 as a matter of law, close proximity authorizes forfeiture. Rejecting either element would have authorized and required the trial court to deny the forfeiture. The trial court's order addresses the legal element at some length but says nothing one way or the other about the factual element.
The majority's holding rests on unfounded speculation. "If the trial court wanted to deny the foreclosure," the majority asks, "why would it have added a new requirement to the statute unless it had already concluded that the car was found in close proximity to the drugs?" The premise of that question is that the trial court started from the outcome he wanted and worked backward. I reject that premise.
Determining whether the car was in close proximity to the drugs for purposes of OCGA § 16-13-49(d)(6) is a matter for the trial court's fact-finding and discretionary authority. The majority usurps that authority.
I would vacate the trial court's decision and remand for further proceedings.
2. Construction of the residual clause of OCGA § 16-13-49(d)(6).
Moreover, notwithstanding the case law which the state accurately cites, I question whether OCGA § 16-13-49(d)(6) authorizes forfeiture of anything other than money and money substitutes. Although those cases do apply subsection (d)(6) to motor vehicles, their construction of that subsection is not necessary to their results. Each case finds alternative justification for seizure of the vehicle at issue in another subsection of OCGA § 16-13-49(d). Hodge v. State of Ga., 257 Ga.App. 203, 204 -205(2), 570 S.E.2d 666 (2002) (vehicles were subject to forfeiture under (d)(2) and (d)(6)); Manley v. State of Ga., 217 Ga.App. 556, 557 -559(3), 458 S.E.2d 179 (1995) (truck was subject to forfeiture under (d)(2) and (d)(6)).
And those cases do not address the canon of ejusdem generis. Under that canon, when a statute lists "by name several particular things, and concludes with a general term of enlargement, this latter term is to be construed as being ejusdem generis (i.e., of the same kind or class) with the things specifically named, unless, of course, there is something to show that a wider sense was intended." Center for a Sustainable Coast v. Coastal Marshlands Protection Comm., 284 Ga. 736, 737-738(1), 670 S.E.2d 429 (2008) (citations and punctuation omitted). The statute here includes "a list of specific items separated by commas[, 'moneys, negotiable instruments, securities,'] followed by a general or collective term, ['other things of value']." Warren v. State, 294 Ga. 589, 591, n. 2, 755 S.E.2d 171 (2014). It follows that the General Assembly intended the phrase "other things of value" to mean things of the same kind or class as "moneys, negotiable instruments, [and] securities." There is nothing to show that a wider sense was intended. See Center for a Sustainable Coast, 284 Ga. at 737-738(1), 670 S.E.2d 429. On the contrary, a narrow reading of subsection (d)(6) is supported by the five preceding subsections, each of which deals with a distinct category of property.
Those cases also fail to address the rule that, to surmount a constitutional challenge to a forfeiture, there must be some nexus between the crime and the property to be forfeited. Howell v. State, 283 Ga. 24, 26(1), 656 S.E.2d 511 (2008). As to "moneys, negotiable instruments, [and] securities" the General Assembly supplied that nexus by providing that
[t]he fact that money or a negotiable instrument was found in proximity to contraband or to an instrumentality of conduct giving rise to forfeiture authorizes the trier of the fact to infer that the money or negotiable instrument was the proceeds of conduct giving rise to forfeiture or was used or intended to be used to facilitate such conduct.
OCGA § 16-13-49(s)(2). (Negotiable instruments include "bills of exchange, promissory notes, bank checks, certificates of deposit, and other negotiable securities." Black's Law Dictionary (9th ed. 2009).) To expand subsection (d)(6) to allow the forfeiture of things other than the money and money substitutes specified in subsection (s)(2) creates constitutional problems due to the absence of a nexus. Such a construction would authorize forfeiture of everything in a home where *158 drugs are found: every stick of furniture, every stitch of clothing. The General Assembly is unlikely to have intended such an outcome. See Ga. Transmission Corp. v. Worley, 312 Ga.App. 855, 856, 720 S.E.2d 305 (2011) ("[A]ll statutes are presumed to be enacted with full knowledge of existing law[,] and their meaning and effect [are] to be determined with reference to the constitution as well as other statutes and decisions of the courts.") (citation omitted).
But as the majority observes, "West did not raise in the trial court or on appeal a constitutional challenge to the breadth of the statute or to its application to him under these facts." Nor did he raise in the trial court or on appeal the question of the proper scope of the residual clause of OCGA § 16-13-49(d)(6). So, although we have the authority to affirm a judgment if it is right for any reason, I would leave the scope of subsection (d)(6) for another day and remand for proceedings consistent with this opinion. City of Gainesville v. Dodd, 275 Ga. 834, 839, 573 S.E.2d 369 (2002) (Sears, P.J., concurring specially) (courts may decline to review issue not ruled upon by the trial court if issue is not adequately briefed or argued by the parties on appeal).

The following are declared to be contraband and no person shall have a property right in them:
(1) All controlled substances, raw materials, or controlled substance analogs that have been manufactured, distributed, dispensed, possessed, or acquired in violation of this article;
(2) All property which is, directly or indirectly, used or intended for use in any manner to facilitate a violation of this article or any proceeds derived or realized therefrom;
(3) All property located in this state which was, directly or indirectly, used or intended for use in any manner to facilitate a violation of this article or of the laws of the United States or any of the several states relating to controlled substances which is punishable by imprisonment for more than one year or any proceeds derived or realized therefrom;
(4) All weapons possessed, used, or available for use in any manner to facilitate a violation of this article or any of the laws of the United States or any of the several states relating to controlled substances which is punishable by imprisonment for more than one year;
(5) Any interest, security, claim, or property or contractual right of any kind affording a source of influence over any enterprise that a person has established, operated, controlled, conducted, or participated in the conduct of in violation of this article or any of the laws of the United States or any of the several states relating to controlled substances which is punishable by imprisonment for more than one year or any proceeds derived or realized therefrom; and
(6) All moneys, negotiable instruments, securities, or other things of value which are found in close proximity to any controlled substance or marijuana or other property which is subject to forfeiture under this subsection.
OCGA § 16-13-49(d).