**March 30, 2015**

# In the Court of Appeals of Georgia

A14A1619. THE STATE v. WEST.

RAY, Judge.

In this forfeiture action, the trial court denied the State's forfeiture of West's vehicle after West pled guilty and was convicted of possession of marijuana with intent to distribute. The State argues that the trial court misinterpreted the applicable provision of the forfeiture statute, OCGA § 16-13-49 (d) (6), and erroneously held that West's vehicle, which was in close proximity to his apartment in which the drugs were seized, was not subject to forfeiture because the State lacked evidence that the vehicle was in any way connected to the unlawful activity. We agree with the State that the plain language of the statute imposes no such requirement and, therefore, reverse.

The pertinent facts are undisputed. In June 2012, law enforcement officers executed a search warrant of an apartment in which West resided. The officers located and seized large amounts of marijuana, as well as scales and other equipment indicative of distribution. They also seized West's 1984 Oldsmobile Cutlass Supreme which, as held by the trial court, "was parked in the front yard of the residence directly in front of the door." No contraband or money was found in the vehicle, no statement was made to police related to drug activity involving the vehicle, and no observation was made of West in or around the vehicle prior to the execution of the search warrant. West subsequently entered a guilty plea to possession of marijuana with intent to distribute and was sentenced on that charge.

The State instituted forfeiture proceedings against West's vehicle pursuant to OCGA § 16-13-49 (d) (6), asserting that it was subject to forfeiture because it was located in "close proximity" to the marijuana. That statutory provision declares as contraband subject to forfeiture "[a]ll moneys . . . or other things of value which are found in close proximity to any controlled substance or marijuana or other property which is subject to forfeiture under this subsection."

West filed an answer and statutory defense in which he asserted that he purchased the vehicle with money received through employment and student loans,

2

and that it was not subject to forfeiture because it was not in close proximity to the marijuana or any other contraband, nor did it contain any contraband or money derived from unlawful activity.

The trial court thereafter issued an order holding that the vehicle was not subject to forfeiture on the basis of close proximity alone, in the absence of facts connecting the vehicle to West's illegal activity. Implicit in the order is the trial court's finding that the vehicle was, as a factual matter, located in "close proximity" to the marijuana seized from the apartment.

The State argues that the trial court misinterpreted the statute in holding that proximity alone was insufficient to authorize the forfeiture. We agree.

To resolve this issue, we must apply the controlling principles of statutory construction. When interpreting a legislative act, a court "must afford the words of the statute their ordinary signification, and . . . presume that the General Assembly meant what it said and said what it meant." (Citations and punctuation omitted.) *Arby's Restaurant Group, Inc. v. McRae*, 292 Ga. 243, 245 (1) (734 SE2d 55) (2012); see OCGA § 1-3-1 (b). "[When] the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." (Citation and punctuation omitted.) *Arby's Restaurant Group,* supra at 245 (1). To the extent that

3

judicial construction is necessary, "[w]e must seek to give meaning to each part of the statute and to avoid constructions which render a portion of the statute mere surplusage." (Citation and punctuation omitted.) *City of Buchanan v. Pope*, 222 Ga. App. 716, 717 (1) (476 SE2d 53) (1996). Finally, "it is a basic rule of construction that a statute or constitutional provision should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any part would be without meaning." (Citation and punctuation omitted.) Id.

OCGA § 16-13-49 (d) (6) does not require evidence that property found in "close proximity" to marijuana be further connected to the illegal activity in order to be subject to forfeiture. To the contrary, the plain and unambiguous language states that "all . . . things of value which are found in close proximity to . . . marijuana" are subject to forfeiture. OCGA § 16-13-49 (d) (6). Our interpretation is buttressed by the fact that other provisions within the same statute explicitly contain such a requirement. Compare OCGA § 16-13-49 (d) (2) (authorizing forfeiture of "[a]ll property which is, directly or indirectly, used or intended for use in any manner to facilitate a violation of this article or any proceeds derived or realized therefrom"); OCGA § 16-13-49 (d) (3) (authorizing forfeiture of "[a]ll property located in this state

4

which was, directly or indirectly, used or intended for use in any manner to facilitate a violation of this article"); OCGA § 16-13-49 (d) (4) (authorizing forfeiture of "[a]ll weapons possessed, used, or available for use in any manner to facilitate a violation of this article"). Moreover, OCGA § 16-13-49 (e) (2) creates an exception for violations involving four ounces or less of marijuana, imposing the additional requirement that property be "used to facilitate a transaction in or a purchase of or sale of" marijuana in order to be forfeited.

While agreeing that we have appropriately applied our precedent in holding that OCGA § 16-13-49 (d) (6) does not require that there be a nexus between the drug activity and the automobile at issue, other than it be found in close proximity to the drugs, the dissent both questions our prior interpretation of this statute and the constitutionality of this statutory scheme. Arguably, the forfeiture laws have sometimes led to unfair results and failed to protect the rights of innocent individuals.[1] However, it is equally true that such criticism is more appropriately addressed to the General Assembly, which can change the law, or to the Supreme Court, which has jurisdiction on appeal of constitutional challenges. Given that West

---

[1] We note, however, that West is hardly an innocent victim. Lest we forget, he pled guilty to the charge of possession of marijuana with intent to distribute, from which this forfeiture action arose.

5

did not raise before the trial court or on appeal a constitutional challenge to the breadth of the statute or to its application to him under these facts, the dissent's discussion of the same is not apt.

Additionally, the dissent argues that the case should nevertheless be remanded to the trial court because, it contends, the trial court did not reach the issue of whether the car was found in close proximity to the drugs. Everyone - the trial court, the State, and West - agreed that the vehicle had to be in close proximity to the drugs to be subject to forfeiture. The statute specifically says as much. Yet, under the dissent's rationale, the trial court ignored this provision and, instead, judicially imposed into the statute its own requirement that the car had to be used in the drug activities to be at risk for forfeiture. If the trial court wanted to deny the forfeiture, why would it have added a new requirement to the statute unless it had already concluded that the car was found in close proximity to the drugs? The short answer is that it wouldn't have. The car was found "parked in the front yard of the residence *directly in front of the door*" where the drugs were found. The only logical conclusion is that the trial court moved on to consider whether the car was actually used in the drug activities after finding that it was in close proximity thereto.

6

Having found that the plain and unambiguous language of OCGA § 16-13-49 (d) (6) requires nothing more than a geographical connection between the drugs and the property sought to be forfeited, we hereby reverse the decision of the trial court to deny the forfeiture of the subject vehicle.

*Judgment reversed. Andrews, P. J., Barnes, P. J., and Branch, J, concur. Doyle, P. J., McFadden and Boggs, JJ., dissent.*

A14A1619. THE STATE v. WEST.

BOGGS, Judge, dissenting.

I agree with the dissent that the trial court did not make an implicit finding on close proximity and that this case should be remanded for the court to apply the proper standard pursuant to OCGA § 16-13-49 (d) (6). But I cannot join the dissent because of what is said in Division 2, and I therefore write separately.

As noted to some degree by both the majority and Judge McFadden's dissent, I agree that our civil forfeiture laws can be applied to work an inequity upon those innocent of wrongdoing. Of course, as the majority points out, such concerns are less prevalent in this case given that the defendant pled guilty and no presumed innocent third party has objected to the forfeiture. However, I take this opportunity to illuminate the absurdity with which forfeiture may be applied in other contexts. As enacted, OCGA § 16-13-49 (d) (6) authorizes the forfeiture of all things of value "which are found in close proximity to" the contraband. Taken to its most extreme point, this statutory language would permit the forfeiture of the Big Green Egg on the deck, the coffee maker in the kitchen, and the light fixtures in the home, despite the lack of any nexus between those items and any crime. However, issues regarding nexus and constitutionality have not been enumerated as error by the appellant, not

briefed by the parties, and not been raised and ruled upon in the trial court. Consequently, it is not for this court to opine on such matters. As a result, the statutory/constitutional discussion in Division 2 of Judge McFadden's dissent, whatever its objective merit, is not necessary for the resolution of this case. These issues are more appropriately addressed by the General Assembly or our Supreme Court in a case which squarely presents them for appellate review.

I am authorized to state that Doyle, P. J., joins in this dissent.

A14A1619. STATE OF GEORGIA v. WEST.

MCFADDEN, Judge, dissenting.

I respectfully dissent. Although I agree with the majority that the trial court's interpretation of OCGA § 16-13-49 (d) (6) is contrary to our case law, I see no implicit finding in the trial court's order that the vehicle was, as a factual matter, located in "close proximity" to the marijuana seized from the apartment. I would therefore vacate the trial court's order and remand for further proceedings.

In addition I question the soundness of our case law construing the residual clause of OCGA § 16-13-49 (d) (6). I am strongly inclined to hold that we have erred in applying that clause to things not of the same kind or class as moneys, negotiable instruments, and securities. But because the parties have not directly addressed this issue, I would not reach it today.

1. *Trial court's findings.*

The state instituted forfeiture proceedings against West's automobile based on OCGA § 16-13-49 (d) (6). Each of the six subsections of § 16-13-49 (d), which is set

out in full in the margin,[1] describes a category of property subject to forfeiture.

---

[1]The following are declared to be contraband and no person shall have a property right in them:

 (1) All controlled substances, raw materials, or controlled substance analogs that have been manufactured, distributed, dispensed, possessed, or acquired in violation of this article;

 (2) All property which is, directly or indirectly, used or intended for use in any manner to facilitate a violation of this article or any proceeds derived or realized therefrom;

 (3) All property located in this state which was, directly or indirectly, used or intended for use in any manner to facilitate a violation of this article or of the laws of the United States or any of the several states relating to controlled substances which is punishable by imprisonment for more than one year or any proceeds derived or realized therefrom;

 (4) All weapons possessed, used, or available for use in any manner to facilitate a violation of this article or any of the laws of the United States or any of the several states relating to controlled substances which is punishable by imprisonment for more than one year;

 (5) Any interest, security, claim, or property or contractual right of any kind affording a source of influence over any enterprise that a person has established, operated, controlled, conducted, or participated in the conduct of in violation of this article or any of the laws of the United States or any of the several states relating to controlled substances which is punishable by imprisonment for more than one year or any proceeds derived or realized therefrom; and

 (6) All moneys, negotiable instruments, securities, or other things of value which are found in close proximity to any controlled substance or marijuana or other property which is subject to forfeiture under this subsection.

2

Subsection (d) (6) provides:

> The following are declared to be contraband and no person shall have a property right in them: [a]ll moneys, negotiable instruments, securities, or other things of value which are found in close proximity to any controlled substance or marijuana or other property which is subject to forfeiture under this subsection.

As the majority holds, the plain language of the statute provides that proximity alone is sufficient to authorize forfeiture of property subject to subsection (d) (6), and the trial court erred in holding otherwise. "The state need only prove that the property as to which forfeiture is sought falls within one of [the] six categories [of OCGA § 16-13-49 (d)] in order to prevail." *Pitts v. State*, 207 Ga. App. 606, 608 (2) (428 SE2d 650) (1993).

But there is no basis for the majority's holding that the trial court made an implicit factual finding that West's car was in close proximity to the marijuana seized from the apartment. The state's sole argument as to the car has two elements: as a matter of fact, it was in close proximity to the drugs; as a matter of law, close proximity authorizes forfeiture. Rejecting either element would have authorized and required the trial court to deny the forfeiture. The trial court's order addresses the

---

OCGA § 16-13-49 (d).

3

legal element at some length but says nothing one way or the other about the factual element.

The majority's holding rests on unfounded speculation. "If the trial court wanted to deny the foreclosure," the majority asks, "why would it have added a new requirement to the statute unless it had already concluded that the car was found in close proximity to the drugs?" The premise of that question is that the trial court started from the outcome he wanted and worked backwards. I reject that premise.

Determining whether the car was in close proximity to the drugs for purposes of OCGA § 16-13-49 (d) (6) is a matter for the trial court's fact-finding and discretionary authority. The majority usurps that authority.

I would vacate the trial court's decision and remand for further proceedings.

2. *Construction of the residual clause of OCGA § 16-13-49 (d) (6)*.

Moreover, notwithstanding the case law which the state accurately cites, I question whether OCGA § 16-13-49 (d) (6) authorizes forfeiture of anything other than money and money substitutes. Although those cases do apply subsection (d) (6) to motor vehicles, their construction of that subsection is not necessary to their results. Each case finds alternative justification for seizure of the vehicle at issue in another subsection of OCGA § 16-13-49 (d). *Hodge v. State*, 257 Ga. App. 203, 204-

4

205 (2) (570 SE2d 666) (2002) (vehicles were subject to forfeiture under (d) (2) and (d) (6))*; Manley v. State*, 217 Ga. App. 556, 557-559 (3) (458 SE2d 179) (1995) (truck was subject to forfeiture under (d) (2) and (d) (6)).

And those cases do not address the canon of ejusdem generis. Under that canon, when a statute lists "by name several particular things, and concludes with a general term of enlargement, this latter term is to be construed as being ejusdem generis (i.e., of the same kind or class) with the things specifically named, unless, of course, there is something to show that a wider sense was intended." *Center for a Sustainable Coast v. Coastal Marshlands Protection Comm.*, 284 Ga. 736, 737-738 (670 SE2d 429) (2008) (citations and punctuation omitted). The statute here includes "a list of specific items separated by commas[, 'moneys, negotiable instruments, securities,'] followed by a general or collective term, ['other things of value']." *Warren v. State*, 294 Ga. 589, 591 n. 2 (755 SE2d 171) (2014). It follows that the General Assembly intended the phrase "other things of value" to mean things of the same kind or class as "moneys, negotiable instruments, [and] securities." There is nothing to show that a wider sense was intended. See *Center for a Sustainable Coast,* 284 Ga. at 737-738. On the contrary, a narrow reading of subsection (d) (6) is

5

supported by the five preceding subsections, each of which deals with a distinct category of property.

Those cases also fail to address the rule that, to surmount a constitutional challenge to a forfeiture, there must be some nexus between the crime and the property to be forfeited. *Howell v. State*, 283 Ga. 24, 26 (1) (656 SE2d 511) (2008). As to "moneys, negotiable instruments, [and] securities" the General Assembly supplied that nexus by providing that

> [t]he fact that money or a negotiable instrument was found in proximity to contraband or to an instrumentality of conduct giving rise to forfeiture authorizes the trier of the fact to infer that the money or negotiable instrument was the proceeds of conduct giving rise to forfeiture or was used or intended to be used to facilitate such conduct.

OCGA § 16-13-49 (s) (2). (Negotiable instruments include "bills of exchange, promissory notes, bank checks, certificates of deposit, and other negotiable securities." Black's Law Dictionary (9th ed. 2009).) To expand subsection (d) (6) to allow the forfeiture of things other than the money and money substitutes specified in subsection (s) (2) creates constitutional problems due to the absence of a nexus. Such a construction would authorize forfeiture of everything in a home where drugs

6

are found: every stick of furniture, every stitch of clothing. The General Assembly is unlikely to have intended such an outcome. See *Ga. Transmission Corp. v. Worley*, 312 Ga. App. 855, 856 (720 SE2d 305) (2011) ("[A]ll statutes are presumed to be enacted with full knowledge of existing law[,] and their meaning and effect [are] to be determined with reference to the constitution as well as other statutes and decisions of the courts.") (citation omitted).

But as the majority observes, "West did not raise in the trial court or on appeal a constitutional challenge to the breadth of the statute or to its application to him under these facts." Nor did he raise in the trial court or on appeal the question of the proper scope of the residual clause of OCGA § 16-13-49 (d) (6). So, although we have the authority to affirm a judgment if it is right for any reason, I would leave the scope of subsection (d) (6) for another day and remand for proceedings consistent with this opinion. *City of Gainesville v. Dodd*, 275 Ga. 834, 839 (573 SE2d 369) (2002) (Sears, P. J., concurring specially) (courts may decline to review issue not ruled upon by the trial court if issue is not adequately briefed or argued by the parties on appeal).